The document below is hereby signed.

Signed: July 3, 2020



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| LISA ANN HERMAN, | ) | Case No. 19-0071 |
| | ) | (Chapter 11) |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| LISA ANN HERMAN | ) | |
| | ) | |
| and | ) | |
| | ) | |
| ROBERT WILLIAM HALL, JR., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 19-10028 |
| LINDA SONIER, *et al.*, | ) | |
| | ) | Not for publication in |
| Defendants. | ) | West's Bankruptcy Reporter |

MEMORANDUM DECISION AND ORDER DISMISSING CLAIMS ASSERTED
BY ROBERT WILLIAM HALL, JR. AND DISMISSING HIM AS A PARTY

The court directed one of the plaintiffs, Robert William Hall, Jr., to show cause why his claims ought not be dismissed for lack of subject matter jurisdiction. His response (Dkt. No. 10) fails to show that there is subject matter jurisdiction in

the Bankruptcy Court over his claims.

The category of matters referred to the Bankruptcy Court under 28 U.S.C. § 157(b) and which the Bankruptcy Court is authorized to hear is limited to those matters over which the District Court has subject matter jurisdiction under 28 U.S.C. § 1334(b), which provides:

> Except as provided in subsection (e)(2), and notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

Lisa Ann Herman is the debtor in the bankruptcy case within which this adversary proceeding was filed. Herman and Hall contend in their complaint that the defendants defamed them and committed other torts against them. The Bankruptcy Court lacks subject matter jurisdiction over Hall's claims for the following reasons.[1]

Hall's claims plainly do not "arise under" the Bankruptcy Code (title 11, U.S.C.) as they are typical state law tort claims arising under state law.

Nor does "arising in" jurisdiction apply. Hall's claims arose in part after the filing of the debtor's bankruptcy case,

---

[1] Hall has failed to file a pretrial statement. Because the Bankruptcy Court lacks subject matter jurisdiction over Hall's claims, the Bankruptcy Court need not address whether dismissal of Hall's claims is appropriate based on Hall's failure to file a pretrial statement.

but that does mean that they "arose in" the bankruptcy case within the meaning of 11 U.S.C. § 1334(b).  *See Va. Hosp. Ctr.-Arlington Health Sys. v. Akl (In re Akl )*, 397 B.R. 546, 550 (Bankr. D.D.C. 2008) ("an 'arising in' proceeding is one that must not only arise from events in the bankruptcy case but that by its nature is of an 'administrative' character because it requires disposition in the bankruptcy case in order for the bankruptcy case to be administered.").  The proceeding must be of a nature that it would have "no existence outside of the bankruptcy." *Gupta v. Quincy Med. Ctr.*, 858 F.3d 657, 664 (1st Cir. 2017).  The "fundamental question is whether the proceeding by its nature, not its particular factual circumstance, could arise <u>only</u> in the context of a bankruptcy case." *Gupta*, 858 F.3d at 665 (emphasis in original; citation omitted).  *See also Capitol Hill Group v. DCA Capitol Hill LTAC, LLC (In re Specialty Hosp. of Washington, LLC)*, 580 B.R. 302, 313 (D.D.C. 2018). Hall's claims do not require disposition in the bankruptcy case in order for the bankruptcy case to be administered, and are not of a nature that they could arise only in the context of the debtor's bankruptcy case.

Nor are Hall's claims "related to" the bankruptcy case. Hall's claims are not property of the bankruptcy estate, and will have no impact on the administration of the estate, the test for whether his claims are "related to" the bankruptcy case.  Most

3

courts follow the definition of "related to" jurisdiction first set forth by the Third Circuit in the seminal case of *Pacor, Inc. v. Higgins*, 743 F.2d 984 (3d Cir. 1984). *See Atkinson v. Kestell*, 954 F.Supp. 14, 16 (D.D.C. 1997) (adopting *Pacor* test). *See also In re Specialty Hosp. of Washington, LLC*, 580 B.R. at 314 (same). To wit:

> The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy.... An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.

*Pacor*, 743 F.2d at 994 (emphasis removed).

The claims are *related to the claims* made by the debtor in the sense that the tortious acts were committed simultaneously against both the debtor and Hall, but that does not make them *related to the bankruptcy case* in any way under the *Pacor* test. "If a particular claim does not relate to the debtor's bankruptcy case, *i.e.*, does not affect the administration of the estate, it does not fall within § 1334 no matter how close its connection to the facts underlying a particular adversary proceeding." *Premium of America, LLC v. Sanchez (In re Premium Escrow Servs., Inc.)*, 342 B.R. 390, 406 (Bankr. D.D.C. 2006).

Nor does this bankruptcy court have authority to hear Hall's claims under the supplemental jurisdiction statute, 28 U.S.C.

§ 1367, applicable to the district courts but not bankruptcy courts.  A bankruptcy court's authority is limited by 28 U.S.C. § 157(b) to those matters for which subject matter jurisdiction exists under 28 U.S.C. § 1334(b).  That authority does not include matters for which subject matter jurisdiction might exist in the district court under the supplemental jurisdiction provisions of 28 U.S.C. § 1367.  *In re Premium Escrow Services*, 342 B.R. at 402-403.

However, the debtor has filed a motion to withdraw the reference.  If the proceeding is withdrawn to the District Court, and Hall seeks to invoke 28 U.S.C. § 1367 in the District Court, the question will be whether the District Court has such supplemental jurisdiction, not whether the Bankruptcy Court has such supplemental jurisdiction.  *See In re Premium Escrow Services*, 342 B.R. at 403-404; Susan Block-Lieb, *The Case Against Supplemental Bankruptcy Jurisdiction: A Constitutional, Statutory, and Policy Analysis*, 62 Fordham L. Rev. 721, 757 (Feb. 1994) (arguing that "the exercise of supplemental jurisdiction by a federal district court over claims related to a . . . 'related to' proceeding may exceed Article III of the Constitution."). However, as Professor Block-Lieb acknowledges, *id.* at 729, courts "have nearly uniformly concluded that there exists [district court] jurisdiction supplemental to bankruptcy jurisdiction" (footnote omitted).  See, *e.g.*, *Edge Petroleum Operating Co. v.*

*GPR Holdings, L.L.C. (In re TXNB Internal Case)*, 483 F.3d 292, 300 (5th Cir. 2007); *Publicker Indus. Inc. v. United States (In re Cuyahoga Equip. Corp.)*, 980 F.2d 110, 115 (2d Cir. 1992). If the reference is withdrawn, Hall may move the District Court to find that it has supplemental jurisdiction under § 1367 over his claims and to vacate the dismissal of his claims. The issue will be one for the District Court to decide.

In light of the foregoing, it is

ORDERED that the claims of Robert William Hall, Jr. in this adversary proceeding are dismissed and Hall is dismissed as a plaintiff, but this is not made a final appealable order under Fed. R. Civ. P. 54(b), and pursuant to that rule, this order, prior to entry of a final appealable order, may be revised at any time (including by the District Court if the reference of the adversary proceeding to the Bankruptcy Court is withdrawn).

[Signed and dated above.]

Copies to:

Robert William Hall
8409 Lee Highway, #4135
Merrifield, VA 22116

Robert William Hall, Jr.
P.O. Box 873
Merrifield, VA 22116[2]

Jeffrey M. Sherman
Law Offices of Jeffrey M. Sherman
1600 N. Oak Street
Suite 1826
Arlington, VA 22209
Email: jeffreymsherman@gmail.com
[Counsel for Lisa Ann Herman]

Robert Brian Hetherington
McCarthy Wilson LLP
2200 Research Boulevard
Ste 500
Rockville, MD 20850
Email: hetheringtonr@mcwilson.com
[Counsel for Defendants]

---

[2] The defendants have advised that this Post Office Box address is no longer a good address for Hall and have indicated that the Lee Highway address is the correct address.  See Dkt. No. 16 at 2, ¶ 6.  Hall has failed to file a notice of his correct address.